UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOSHUA B.,[1]

    Plaintiff,

v.

Case No. 3:20-cv-0243
Magistrate Judge Norah McCann King

COMMISSIONER OF SOCIAL SECURITY,[2]

    Defendant.

## OPINION AND ORDER

This matter comes before the Court pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), regarding the application of Plaintiff Joshua B. for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq*. Plaintiff appeals from the final decision of the Commissioner of Social Security denying that application. This matter is now before the Court, with the consent of the parties, *see Joint Consent of the Parties*, ECF No. 4, on *Plaintiff's Statement of Errors*, ECF No. 10, *Defendant's Memorandum in Opposition*, ECF No. 13, and the *Certified Administrative Record*, ECF No. 8. After careful consideration of the entire record, the Court decides this matter pursuant to Rule 78(b) of the Federal Rules of Civil Procedure. For the reasons that follow, the Court denies *Plaintiff's Statement of Errors* and affirms the Commissioner's decision.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs in such cases by only their first names and last initials. *See also* S.D. Ohio General Order 22-01.
[2] Kilolo Kijakazi is the Acting Commissioner of Social Security. *See* Fed. R. Civ. P. 25(d).

1

I.      **PROCEDURAL HISTORY**

On February 22, 2017, Plaintiff filed his application for benefits, alleging that he has been disabled since April 1, 2005, due to both physical and mental impairments. R. 156-64.[3] The application was denied initially and upon reconsideration, and Plaintiff sought a *de novo* hearing before an administrative law judge. R. 153-55. Administrative Law Judge ("ALJ") Stuart Adkins held a hearing on March 19, 2019, at which Plaintiff, who was represented by counsel, testified, as did a vocational expert. R. 40-64. In a decision dated May 15, 2019, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act at any time from the date on which the application was filed through the date of that decision. R. 24-35. That decision became the final decision of the Commissioner of Social Security when the Appeals Council declined review on May 6, 2020. R. 1-7. Plaintiff timely filed this appeal pursuant to 42 U.S.C. § 405(g). ECF No. 1. On March 23, 2022, the case was reassigned to the undersigned. ECF No. 15 The matter is ripe for disposition.

II.     **LEGAL STANDARD**

    A.    **Standard of Review**

In reviewing applications for Social Security disability benefits, "[t]he Commissioner's conclusion will be affirmed absent a determination that the ALJ failed to apply the correct legal standard or made fact findings unsupported by substantial evidence in the record." *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). The United States Supreme Court has explained the

---

[3] The Court will refer to pages in the Certified Administrative Record as "R. __," using the pagination as it appears in the Certified Administrative Record.

2

substantial evidence standard as follows:

> Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficien[t] evidence to support the agency's factual determinations. And whatever the meaning of substantial in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence, this Court has said, is more than a mere scintilla. It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (internal citations and quotation marks omitted); *see also Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citation and internal quotations omitted). In addition, "'[w]here substantial evidence supports the [Commissioner's] determination, it is conclusive, even if substantial evidence also supports the opposite conclusion.'" *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 849 (6th Cir. 2020) (quoting *Crum v. Sullivan*, 921 F.2d 642, 644 (6th Cir. 1990)); *see also Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) ("Therefore, if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'") (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). "Yet, even if supported by substantial evidence, 'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

    **B.**    **Sequential Evaluation Process**

The Social Security Act establishes a five-step sequential evaluation process for determining whether a plaintiff is disabled within the meaning of the statute. 20 C.F.R. § 416.920(a)(4). "The claimant bears the burden of proof through step four; at step five, the burden

3

shifts to the Commissioner." *Rabbers*, 582 F.3d at 652 (*citing Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003)).

At step one, the ALJ determines whether the plaintiff is currently engaged in substantial gainful activity. 20 C.F.R. § 416.920(b). If so, then the inquiry ends because the plaintiff is not disabled.

At step two, the ALJ decides whether the plaintiff has a "severe impairment" or combination of impairments that "significantly limits [the plaintiff's] physical or mental ability to do basic work activities[.]" 20 C.F.R. § 416.920(c). If the plaintiff does not have a severe impairment or combination of impairments, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to step three.

At step three, the ALJ decides whether the plaintiff's impairment or combination of impairments "meets" or "medically equals" the severity of an impairment in the Listing of Impairments ("Listing") found at 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. § 416.920(d). If so, then the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least 12 months. *Id.* at § 416.909. Otherwise, the ALJ proceeds to step four.

At step four, the ALJ must determine the plaintiff's residual functional capacity ("RFC") and determine whether the plaintiff can perform past relevant work. 20 C.F.R. § 416.920(e), (f). If the plaintiff can perform past relevant work, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to the final step.

At step five, the ALJ must decide whether the plaintiff, considering the plaintiff's RFC, age, education, and work experience, can perform other jobs that exist in significant numbers in the national economy. 20 C.F.R. § 416.920(g). If the ALJ determines that the plaintiff can do so,

then the plaintiff is not disabled. Otherwise, the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least twelve months.

### III. ALJ DECISION AND APPELLATE ISSUES

The Plaintiff was 34 years old on the date on which the application was filed. R. 34. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since that date. R. 26.

At step two, the ALJ found that Plaintiff suffered from the following severe impairments: coronary artery disease status post stents, hypertension, headaches, polycythemia, depression and anxiety. R. 26. The ALJ also found that Plaintiff's hyperlipidemia was not severe. R. 27.

At step three, the ALJ found that Plaintiff did not suffer an impairment or combination of impairments that met or medically equaled the severity of any Listing. R. 27.

At step four, the ALJ found that Plaintiff had the RFC to perform light work with the following additional limitations:

> [Plaintiff] would be permitted to alternate between sitting and standing every 15 minutes while at the workstation; no climbing of ladders, ropes and scaffolds; avoid unprotected heights and dangerous machinery; limited to performing simple routine tasks but not at a production rate pace or strict performance quotas; and only occasional changes to a routine work setting defined as 1-2 per week.

R. 28. The ALJ also found that Plaintiff had no prior relevant work. R. 34.

At step five and relying on the testimony of the vocational expert, the ALJ found that a significant number of jobs exist in the national economy that could be performed by Plaintiff. R. 34. The ALJ therefore concluded that Plaintiff was not disabled within the meaning of the Social Security Act from the application date through the date of the decision. R. 35.

Plaintiff complains that the ALJ (and the Appeals Council) erred at step five, arguing that

Plaintiff "is unable to perform light exertion because he will partake in off-task behavior and require additional absenteeism" as a result of his physical and mental impairments. *Plaintiff's Statement of Errors*, ECF No. 10, PageID# 840. The Acting Commissioner takes the position that her decision should be affirmed in its entirety because the ALJ's decision correctly applied the governing legal standards, reflected consideration of the entire record, and was supported by sufficient explanation and substantial evidence. *Defendant's Memorandum in Opposition,* ECF No. 13.

### IV. DISCUSSION

Plaintiff takes the position that his diagnosed polycythemia (a blood disorder), irritable bowel syndrome (IBS), and his mental impairments would cause him to be off-task 15% of the workday and absent from the workplace up to three days per month. He argues that, because the vocational expert testified that these limitations would prevent a claimant with Plaintiff's vocational profile from working, *see* R. 61, the ALJ erred in finding that Plaintiff could perform a limited range of light work. *See generally Plaintiff's Statement of Errors*, ECF No. 10. The issue presented in this case is whether the RFC found by the ALJ, which did not include these limitations, enjoys substantial support in the record. Although Plaintiff characterizes his argument as addressing the ALJ's step five determination, the Court concludes that Plaintiff's argument actually addresses the ALJ's step four determination because it challenges the RFC found by the ALJ.

A claimant's RFC is the most that a claimant can do despite his limitations. 20 U.S.C. § 416.945(a)(1). At the administrative hearing stage, it is the ALJ who is charged with determining the claimant's RFC. 20 C.F.R. §§ 416.927(e)(2), 416.946(c); SSR 96-8p. In making that determination, the ALJ must evaluate all the medical evidence as well as the claimant's

testimony. *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629 633 (6th Cir. 2004). Moreover, an ALJ does not improperly assume the role of a medical expert merely by assessing the medical and non-medical evidence when determining a claimant's RFC. *Poe v. Comm'r of Soc. Sec.,* 342 F. App'x 149, 157 (6th Cir. 2009). However, the ALJ's RFC determination, like all findings of an ALJ, must be supported by substantial evidence in the record. *White v. Comm'r of Soc. Sec.*, 312 Fed. Appx. 779 (6th Cir. 2009). "In order for a vocational expert's testimony in response to a hypothetical question to serve as substantial evidence in support of the conclusion that a claimant can perform other work, the question must accurately portray a claimant's physical and mental impairments." *Ealy v. Comm'r of Soc. Sec.,* 594 F.3d 504, 516 (6th Cir. 2010). However, an ALJ is required to include in the hypothetical question only those limitations that the ALJ finds to be credible and which are supported by the evidence; the ALJ need not include disputed limitations not credited by the ALJ. *Parks v. Social Sec. Admin.,* 413 Fed. Appx 856, 865 (6th Cir. 2011) (citing *Casey v. Sec'y of Health & Human Servs*, 987 F.2d 1230, 1235 (6th Cir. 1993)).

As noted above, the ALJ did not include in Plaintiff's RFC a need to be off-task 15% of the workday. Plaintiff asserts that IBS, which necessitates significant time in a bathroom, and his mental impairments require such a limitation. Significantly, the record does not include any medical opinion to that effect; indeed, the medical record reflects a negative finding for IBS. R. 278. Moreover, Plaintiff's argument is based, not on the evidence, but on sheer speculation. *Plaintiff's Statement of Errors*, ECF No. 10, PageID# 844 ("In the event that Mr. B[.] secures any form of employment, *it is likely* that bathroom breaks would be essential to cope with this ongoing condition. With that being said, it is apparent *and highly probable* that Mr. B[.] would unintentionally be off-task in excess of 15% of a workday and require more than one absence per

month.") (emphasis added). The ALJ's failure to include such a limitation in Plaintiff's RFC is supported by substantial evidence.

Plaintiff also argues that his diagnosed polycythemia would require that he be absent from work at least three days per month because the condition requires that he see a phlebotomist for blood testing every six to eight weeks. *Plaintiff's Statement of Errors*, ECF No. 10, PageID# 842. Moreover, depending on Plaintiff's hematocrit proportion levels, he may require phlebotomy infusion treatment. *Id*. However, phlebotomy treatment is required only when Plaintiff's hematocrit level rise above 45, R. 435, and, as the ALJ noted, the medical records overwhelmingly demonstrate that his levels have remained below that value. R. 30. Moreover, Plaintiff's treating physician, Mohan Nuthakki, M.D., reported in March 2019 that Plaintiff had undergone only lab testing, and had not attended an office visit with the doctor, since October 2017. R. 768. Plaintiff points to no evidence whatsoever that management of his polycythemia, or that his impairments, would require that he be absent from work at least three days per month.

In short, the Court concludes that the ALJ's determination of an RFC that does not include the limitations proposed by Plaintiff enjoys substantial support in the record. The ALJ did not, therefore, err in relying on the vocational expert's testimony in response to that RFC.

V.     **CONCLUSION**

Accordingly, the Court **DENIES** *Plaintiff's Statement of Errors*, ECF No. 10, and **AFFIRMS** the Commissioner's decision. The Clerk is **DIRECTED** to enter **FINAL JUDGMENT** pursuant to Sentence 4 of 42 U.S.C. § 405(g).


Date:  June 23, 2022                                *s/Norah McCann King*
                                                                    NORAH McCANN KING
                                                                    UNITED STATES MAGISTRATE JUDGE

8